### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

In re DEBRA ANN BOZMAN, et al.,

      Debtors.                      **Case No. 2:07-cv-414**
                                        **JUDGE GREGORY L. FROST**

_____

  **WILLIAM B. LOGAN, JR., TRUSTEE,**

         **Plaintiff/Appellee,**         **Bankruptcy Court:**
                                              **Adv. Case No. 2:06-02498**
      **v.**                                  **Bank. Case No. 2:05-59775**
                                              **Judge C. Kathryn Preston**

**UNIVERSAL 1 CREDIT UNION, INC.,**

         **Defendant/Appellant.**


### OPINION AND ORDER

      This bankruptcy appeal is before the Court for consideration of issues raised in the April 21, 2006 appellate brief (Doc. # 4) filed by Appellant, Universal 1 Credit Union, Inc., and the June 15, 2007 responsive brief (Doc. # 5) filed by Appellee, Trustee William B. Logan, Jr.  For the reasons that follow, this Court **AFFIRMS**.

### I. Background

      Debra Ann Bozman and Cornelious Emmanuel Bozman, Sr. are debtors who filed for Chapter 7 bankruptcy.  Together, they own the real property located at 1196 East 24th Avenue in Columbus, Ohio.  Appellee is the trustee of the estate involved in the underlying adversary proceeding related to the Bozmans' bankruptcy case.  The adversary proceeding presents the issue of whether Appellee can, as a hypothetical bona fide purchaser under 11 U.S.C. §

544(a)(3), avoid a mortgage with Appellant, Universal 1 Credit Union, Inc.

Appellant asserted that on April 7, 2004, the Bozmans had executed a mortgage for the 1196 East 24th Avenue property in the principal amount of $64,8000, and that the mortgage was filed with the Franklin County recorder on April 20, 2004.  The signature page of the purported mortgage contains a line reading "[Space Below This Line For Acknowledgment]" in bold-face type, the only material below that line is the signature and notary seal of notary Steven Williams. (Doc. # 1-5, at 17.)  There is no notary certification of the acknowledgment in the mortgage.

Both Appellant and Appellee filed motions for summary judgment in the bankruptcy court that targeted the validity of this purported mortgage.  (Docs. # 1-7, 1-8.)  Appellant offered an affidavit from Williams in which he asserted that he did take the acknowledgment of the debtors on the mortgage.  (Doc. # 1-7, at 2.)

On March 31, 2007, however, the bankruptcy judge issued a decision granting Appellee's motion for summary judgment and denying Appellant's motion for summary judgment.  (Doc. # 1-13.)  The bankruptcy judge's rationale was that because the purported mortgage lacked an acknowledgment, it was flawed for lack of substantial compliance with Ohio Rev. Code § 5301.01, had not been properly executed, was not entitled to be recorded, and therefore could indeed be avoided by Appellee as a subsequent bona fide purchaser acting for the benefit of the bankruptcy estate.  In reaching these conclusions, the bankruptcy judge explained:

> Even though the notary's affidavit in support of Universal's Motion for Summary Judgment states that the Debtors appeared before the notary and acknowledged the signing of the Mortgage, the doctrine of substantial compliance mandates that the corrective language or the means of making the correction be found within the Mortgage document itself.  An affidavit attached to a motion for summary judgment is not part of the Mortgage document and in this case was produced years after the execution of the Mortgage.  Thus, the statements in the affidavit in this case cannot provide the means of making the correction in the

2

defective Mortgage.

(Doc. # 1-13, at 9 n.5.)  The bankruptcy judge directed Appellee's counsel to submit a final

judgment consistent with the court's opinion.

Appellant thereafter filed a notice of appeal to this Court.  (Doc. # 1.)  The parties have

completed their appellate briefing, and this Court can proceed to dispose of the issues involved.


## II.  Discussion

### A.  Appellate Standards

In a 28 U.S.C. § 158(a) appeal from the bankruptcy court, this Court employs the

following standards of review:

Questions of law receive *de novo* independent review.  *In re Downs*, 103 F.3d 472, 476-

77 (6th Cir. 1996) (citing *In re Caldwell*, 851 F.2d 852, 857 (6th Cir. 1988)).

Factual findings regarding the actions of the parties are subject to the clearly erroneous

standard.  *Id*. at 477 (citing *Archer v. Macomb County Bank*, 853 F.2d 497, 499 (6th Cir. 1988));

8013.  The Sixth Circuit has explained that "a factual finding will only be clearly erroneous

when, although there is evidence to support it, 'the reviewing court on the entire evidence is left

with the definite and firm conviction that a mistake has been committed.' "  *In re DBH Ltd., Inc.*,

23 F. App'x 422, 423 (6th Cir. 2001) (quoting *United States v. Ayen*, 997 F.2d 1150, 1152 (6th

Cir. 1993) (citations omitted)).

Discretionary decisions are tested for an abuse of discretion.  *In re Cooker Rest. Corp.*,

292 B.R. 308, 311 (Bankr. S.D. Ohio 2003) (citing *In re U.S. Lines, Inc.*, 197 F.3d 631, 640-41

(2d Cir. 1999)).  The Sixth Circuit has explained that "[a] court abuses its discretion when it

3

relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous

legal standard."   *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x 423, 425 (6th Cir. 2001)

(citing *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir. 1995)).  Thus, a reviewing court

will find an abuse of discretion when it has " 'a definite and firm conviction that the trial court

committed a clear error of judgment.' "  *Id*. (quoting *Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d

129, 133 (6th Cir. 1990)).

### B.  Analysis

Ohio law requires that a mortgagor sign a mortgage and that the signing be

acknowledged by the mortgagor before a notary public who must certify the acknowledgment.

Ohio Rev. Code § 5301.01.  That state's law also requires that the person taking an

acknowledgment certify that "[t]he person acknowledging appeared before him and

acknowledged he executed the instrument" and that "[t]he person acknowledging was known to

the person taking the acknowledgment, or that the person taking the acknowledgment had

satisfactory evidence that the person acknowledging was the person described in and who

executed the instrument."  Ohio Rev. Code § 147.53(A) and (B).  There is no mandated language

for acknowledgments, although the Ohio Revised Code suggests some language.  *See* Ohio Rev.

Code § 147.55.

It is undisputed that the mortgage at issue in this action does not contain the suggested

form of acknowledgment or any variation thereof.  To counter this lack of an acknowledgment,

Appellant relied in the bankruptcy court on the January 18, 2006 affidavit of notary Steven

Williams, which provided:

      1.      I am a notary public in and for the State fo Ohio and have personal

> knowledge of the facts contained in this affidavit and am competent to
> testify regarding these facts.
>
> 2.    On April 7, 2004 I took the acknowledgment of Debra A. Bozman and
> Cornelius Bozman when they signed a mortgage in favor of Universal 1
> Credit Union ('the Mortgage").
>
> 3.    Debra A. Bozman and Cornelius Bozman did personally appear before me
> on April 7, 2004 to sign the Mortgage.
>
> 4.    Both Debra A. Bozman and Cornelius Bozman produced their Driver's
> Licenses to verify their identities at the time they executed the Mortgage.

(Doc. # 1-7, at 2.)  The issue is thus whether this affidavit can serve as belated certification that corrects the deficiency of the purported mortgage.

This Court concludes that the bankruptcy court correctly held that because the affidavit was an insufficient means of correcting the defective mortgage, the flawed mortgage was ineffectively recorded and thus avoidable.  In reaching this conclusion, the Court is cognizant of the rationale of other courts that have reached the same conclusion.

For example, another judicial officer in this District addressed whether, under Ohio law, the lack of a notary certification of acknowledgment complied with Ohio Rev. Code § 5301.01 so as to create a mortgage that could be validly recorded.  *See In re Wheeler*, No. 1:05-cv-805, 2006 WL 1645214, at *3 (S.D. Ohio June 12, 2006).  There was no question in *Wheeler* that the debtor signed her name in the presence of the notary, but, significantly, there was no certification encompassing the debtor.  The district judge in *Wheeler* consequently "reject[ed] [the] contention that the Debtor's signing of the mortgage in the presence of the notary, but without his certification of acknowledgment, was in compliance with § 5301.01(A)."  *Id.*

The Court agrees with and adopts the rationale of *Wheeler*.  The certification of acknowledgment requirement is plain, and the mortgage on its face presents an obvious deficiency in that regard.  There is no mortgage provision enabling what amounts to later

amendment to create substantial compliance, which means that the lack of compliance cannot be corrected years later by an affidavit.

Appellant's reliance on cases finding substantial compliance is misplaced because in this case, in sharp contrast to Appellant's authority, there was not *some* compliance.  The distinction between the sufficiency of an acknowledgment certification and the absence of certification is notable.  This is not a case in which the certification is arguably flawed in a limited way and the issue is whether the less than perfect certification is sufficient to constitute what is required.  Rather, this is a case in which there is simply no certification.  Appellant nonetheless asks this Court to extend the law to excuse noncompliance, permitting substitution of an after-the-fact effort to replace certification that does not appear *in any form* in the mortgage.  Such a policy decision is beyond the purview of the courts, and this Court declines the invitation to extend the law of the State of Ohio in such a manner.

Two remaining concerns warrant comment.  First, Appellant argues that the bankruptcy court "did not consider the uncontradicted testimony of the notary that he did take the acknowledgment of the debtors as required under Ohio law."  (Doc. # 4, at 1.)  This contention is incorrect, as that portion of the bankruptcy judge's decision quoted above directly considers and rejects as ineffective the Williams affidavit.

Second, Appellant also argues that Appellee cannot constitute a bona fide purchaser because he had notice of an adverse equitable interest by Appellant.  The Sixth Circuit has explained that "a bona fide purchaser may only avoid an improperly executed mortgage under Ohio law if he does not have actual or constructive knowledge of that transaction."  *In re Zaptocky*, 250 F.3d 1020, 1027 (6th Cir. 2001).  The court of appeals has also recognized that

because "the strong arm clause of the federal Bankruptcy Code provides trustees with the rights of a hypothetical bona fide purchaser 'without regard to any knowledge of the trustee,' [a trustee's] actual knowledge does not undermine his right to avoid a prior defectively executed mortgage." *Id.* (quoting 11 U.S.C. § 544(a)(3)). This leaves the potential constructive knowledge of Appellee as the only possible ground upon which Appellant can rely.

The fact that the defective mortgage was recorded does not provide Appellee with constructive knowledge. As the district judge in *Wheeler* correctly explained, the failure to include the certification of acknowledgment means that the mortgage was not properly executed and was not entitled to be recorded, which means that the mortgage cannot serve to create constructive notice. *Wheeler*, 2006 WL 1645214, at *2-3 (examining *Citizen's Nat'l Bank in Zanesville v. Dennison*, 165 Ohio St. 89, 133 N.E.2d 329 (1956)); 1 Ohio Jur. 3d Acknowledgments § 24 ("[A] . . . mortgage . . . not executed and acknowledged as required by law, is not entitled to record, and, if recorded, the record is irregular, and has no effect as constructive notice." (citations omitted)).

In summary, the affidavit could not repair the flawed mortgage, which was ineffectively recorded, and Appellee was thus entitled to avoid the mortgage under 11 U.S.C. § 544(a)(3). Therefore, the decision of the bankruptcy judge granting Appellee's motion for summary judgment and denying Appellant's motion for summary judgment was neither against the manifest weight of the evidence nor otherwise in error. *See Wheeler*, 2006 WL 1645214, at *4; *cf. In re Vance*, 99 F. App'x 25, 27-28 (6th Cir. 2004) (approving avoidance of defective mortgage under Kentucky law based on analogous certification of acknowledgment requirement). *See also In re Leahy*, ___ B.R. ___, 2007 WL 2823667 (Bankr. S.D. Ohio Sept.

7

28, 2007) (applying *Wheeler* in holding that a deficient notary acknowledgment clause rendered the mortgage defective under Ohio Rev. Code § 5301.01 and entitled a trustee to avoid the mortgage); *In re Nolan*, 365 B.R. 804 (Bankr. S.D. Ohio 2007) (same).

### III. Conclusion

For the foregoing reasons, this Court **AFFIRMS**. The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED.**

     /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE